**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

<u>CIVIL MINUTES -- GENERAL</u>

| | | |
|---|---|---|
| Case No. | **CV 20-9958-JFW(SKx)** | Date: April 23, 2021 |
| Title: | Michael Goldberg -v- Rome McGuigan, P.C., et al. | |

**PRESENT:**
      **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING DEFENDANTS ROME MCGUIGAN, P.C. AND BRIAN COURTNEY'S SUPPLEMENTAL MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2) [filed 3/29/2021; Docket No. 65];

ORDER GRANTING DEFENDANTS BAILEY CAVALIERI LLC AND THOMAS E. GEYER'S SUPPLEMENTAL MOTION TO DISMISS COMPLAINT [filed 3/29/2021; Docket No. 66]

     On March 29, 2021, Defendants Rome McGuigan, P.C. and Brian Courtney (the "Rome Defendants") filed a Supplemental Motion to Dismiss Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(2). On March 29, 2021, Defendants Bailey Cavalieri LLC and Thomas E. Geyer (the "Bailey Defendants") filed their Supplemental Motion to Dismiss Complaint. On April 5, 2021, Plaintiff Michael Goldberg as Trustee of the Woodbridge Liquidation Trust ("Plaintiff") filed its Combined Opposition.[1] On April 12, 2021, the Rome Defendants and Bailey Defendants filed their Replies. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument. The hearing calendared for April 26, 2021 is hereby vacated and the matters are taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as

---

    [1]On April 7, 2021, the Court struck certain documents filed in support of Plaintiff's Opposition because they violated the Court's Amended Standing Order and the guidance previously provided by the Court. On April 8, 2021, Plaintiff re-filed compliant versions of those documents. The Court has considered those documents in connection with its ruling on the Supplemental Motions.

follows:

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On December 2, 2019, Plaintiff, as Trustee of the Woodbridge Liquidation Trust, filed an action in Los Angeles County Superior Court (Case No. 19STCV42900) (the "State Court Action") against the Rome Defendants and Bailey Defendants (among others), alleging claims that included: (1) aiding and abetting securities fraud (Cal. Corp. Code §§ 25401, 25504.1, et seq.); (2) aiding and abetting fraud; (3) aiding and abetting breach of fiduciary duty; (4) negligent misrepresentation; (5) professional negligence; (6) aiding and abetting conversion; (7) avoidance and recovery of actual fraudulent transfers (Cal. Civ. Code § 3439.04(a)(1)); and (8) avoidance and recovery of constructive fraudulent transfers (Cal. Civ. Code § 3439.04(a)(2)). The Rome Defendants and Bailey Defendants filed motions to quash service of the summons and complaint, arguing that the court did not have personal jurisdiction over them.  The state court granted those motions on July 21, 2020, and Plaintiff appealed.  That appeal remains pending.

On October 28, 2020, Plaintiff, as Trustee of the Woodbridge Liquidation Trust, filed this action against the Rome Defendants, the Bailey Defendants, and Defendant Ivan Acevedo, alleging claims for violations of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5, as well as nearly identical state law claims for relief alleged in the State Court Action. In his Complaint, Plaintiff alleged that "[p]ersonal jurisdiction for all Defendants is proper under 15 U.S.C. § 78aa because Defendants have sufficient contacts with the United States to satisfy due process." Complaint ¶ 19.  Notably, Plaintiff did not allege that this Court had personal jurisdiction over the Rome Defendants and Bailey Defendants based on their contacts with California. *Compare* State Court Action Complaint ¶ 21 (alleging personal jurisdiction over defendants "because they purposefully availed themselves of the benefits of California such that California can exercise personal jurisdiction over them . . . .") .

On January 4, 2021, the Rome Defendants and Bailey Defendants moved to dismiss the Complaint on a variety of grounds including for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  Neither the Rome Defendants nor the Bailey Defendants moved to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), undoubtedly because they correctly recognized that the Court could exercise pendent personal jurisdiction over them with respect to the state law claims.

On March 4, 2021, the Court granted the Rome and Bailey Defendants' Motions to Dismiss Plaintiff's claims for violations of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5.  In light of the Court's dismissal of the Section 10(b) and Rule 10b-5 claims alleged against the Rome Defendants and Bailey Defendants, the Court concluded that the exercise of pendent personal jurisdiction over the Rome Defendants and Bailey Defendants with respect to the state law claims was no longer appropriate.  Accordingly, unless and until the Court determined that it had independent personal jurisdiction over the Rome Defendants and Bailey Defendants with respect to the state law claims, the Court concluded that it would be inappropriate to address the merits of those state law claims and therefore deferred ruling on those claims.  The Court ordered the parties to meet and confer to discuss the best way to proceed in light of the Court's dismissal of the Section 10(b) and Rule 10b-5 claims.  The Rome Defendants and Bailey Defendants

subsequently notified the Court that they would to move to dismiss on the grounds that the Court should decline to exercise pendent personal jurisdiction over Plaintiff's state law claims.

Accordingly, in accordance with the briefing schedule set by the Court, the Rome Defendants and Bailey Defendants moved to dismiss arguing in relevant part that: (1) they did not waive their challenge to personal jurisdiction over them with respect to the state law claims; and (2) the Court lacks personal jurisdiction over them with respect to the state law claims.

## II.     DISCUSSION

### A.     Pendent Personal Jurisdiction and Waiver

As an initial matter, the parties have a fundamental misunderstanding regarding the scope of these motions.  These motions should not be characterized as motions to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).  The Court had and continues to have personal jurisdiction over the Rome Defendants and Bailey Defendants with respect to the state law claims.  Instead, the question for the Court to decide is whether the Court, in its discretion, should continue to exercise that jurisdiction.

Indeed, "the appropriate standard to be applied in determining whether the district court has personal jurisdiction over defendants in an action brought under the Securities and Exchange Act of 1934, is whether that defendant had sufficient contacts with the United States and not whether the defendant had sufficient contacts with the forum district." *Sec. Inv'r Prot. Corp. v. Vigman*, 764 F.2d 1309, 1318 (9th Cir. 1985); *see also* 15 U.S.C. § 78aa.   If a court has personal jurisdiction over a defendant with respect to an action brought under the Securities and Exchange Act, as is the case here, the court may then exercise pendent personal jurisdiction over that defendant with respect to related state law claims.  *See Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004) ("[A] court may assert pendent personal jurisdiction over a defendant with respect to a claim for which there is no independent basis of personal jurisdiction so long as it arises out of a common nucleus of operative facts with a claim in the same suit over which the court does have personal jurisdiction."); *United States v. Botefuhr*, 309 F.3d 1263, 1272 (10th Cir. 2002) ("Pendent personal jurisdiction, like its better known cousin, supplemental subject matter jurisdiction, exists when a court possesses personal jurisdiction over a defendant for one claim, lacks an independent basis for personal jurisdiction over the defendant for another claim that arises out of the same nucleus of operative fact, and then, because it possesses personal jurisdiction over the first claim, asserts personal jurisdiction over the second claim.").

Accordingly, because the Court had personal jurisdiction over the Rome Defendants and Bailey Defendants with respect to Plaintiff's claims for violations of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5, the Court had (and has) pendent personal jurisdiction over those defendants with respect to the related state law claims.  The Court's subsequent dismissal of Plaintiff's federal securities claims does not deprive the Court of pendent personal jurisdiction over the Rome Defendants and Bailey Defendants with respect to the state law claims.  Rather, just as is the case with supplemental subject matter jurisdiction, the Court may continue to exercise pendent personal jurisdiction over the Rome Defendants and Bailey Defendants with respect to Plaintiff's state law claims even though the federal securities claims have been dismissed.  "Of course, even where a court could legally exercise pendent personal jurisdiction over a claim, a

district court retains discretion." *Botefuhr*, 309 F.3d at 1273. "[T]he district court may have discretion to dismiss the pendent claims where considerations of judicial economy, convenience and fairness to litigants so dictate." *Oetiker v. Jurid Werke, G. m. b. H.*, 556 F.2d 1, 5 (D.C. Cir. 1977). Accordingly, although the Rome Defendants' and Bailey Defendants' motions are styled as motions to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the Court will characterize them as motions requesting that the Court decline to exercise its pendent personal jurisdiction.

      Plaintiff argues that the Rome Defendants and Bailey Defendants waived their right to contest personal jurisdiction over them with respect to the state law claims. Pursuant to Federal Rule of Civil Procedure 12(g)(2) and 12(h)(1), a party waives a defense of lack of personal jurisdiction if that defense "was available to the party but omitted from its earlier [Rule 12] motion." As discussed, however, the Rome Defendants' and Bailey Defendants' current motions do not assert a lack of personal jurisdiction defense, but rather assert that the Court should, in its discretion, decline to exercise its pendent personal jurisdiction. Moreover, the grounds for their motions were not "available" until the Court dismissed the federal securities law claims, because until that point the considerations of judicial economy, convenience, and fairness to the litigants certainly weighed in favor of the Court exercising that pendent personal jurisdiction.

      In any event, under the unique circumstances of this case, the Court concludes that the Rome Defendants and Bailey Defendants did not waive their right to request that the Court decline to exercise its pendent personal jurisdiction over them with respect to the state law claims. In this case, the Rome Defendants and Bailey Defendants timely raised their personal jurisdiction arguments in the State Court Action with respect to the nearly identical state law claims raised in this action. Only after the Rome Defendants and Bailey Defendants obtained rulings in their favor in the State Court Action for lack of personal jurisdiction did Plaintiff file this action. When Plaintiff filed his Complaint in this Court, he was certainly aware that the Rome Defendants and Bailey Defendants would again contest personal jurisdiction. Accordingly, and in light of the state court's adverse ruling, Plaintiff sought a new jurisdictional hook to bring the Rome Defendants and Bailey Defendants into a California forum, and thus decided to allege claims for violations of the federal securities laws. Notably, in this case, Plaintiff *only* asserted that personal jurisdiction was appropriate over the Rome Defendants and Bailey Defendants based on their contacts with the United States under 15 U.S.C. § 78aa, not based on their contacts with California. Based on Plaintiff's carefully tailored allegations, Plaintiff apparently recognized that the Court lacked independent personal jurisdiction over them with respect to the state law claims. Understandably, the Rome Defendants and Bailey Defendants did not move to dismiss for lack of personal jurisdiction at that time. They correctly recognized that the Court could and would exercise pendent personal jurisdiction over them with respect to the state law claims unless and until the Court dismissed the claims for violations of the federal securities laws.

      Moreover, even if the Rome Defendants and Bailey Defendants should have raised their arguments regarding pendent personal jurisdiction in their original Rule 12 motion, a "defendant can amend a pending Rule 12 motion to include a waivable defense provided the amendment is made before the hearing before the district court and as soon as possible." *Remley v. Lockheed Martin Corp.*, 2001 WL 681257, at *3 (N.D. Cal. 2001). *See also Bechtel v. Liberty Nat. Bank*, 534 F.2d 1335, 1341 n.8 (9th Cir. 1976) (quotations and citations omitted)("Rule(h)(1) . . . does not in any way prevent a judge in his discretion from permitting a party to expand the grounds of motion

well in advance of a hearing."); *Seal v. Riverside Federal Sav. Bank*, 825 F. Supp. 686, 692 (E.D. Pa. 1993) ("the waiver rules of Rule 12(h) do not preclude a defendant from adding new grounds to a previously-filed motion to dismiss before that motion is ruled upon."). The Court deferred ruling on the Rome Defendants' and Bailey Defendants' motions to dismiss Plaintiff's state law claims, and thus those motions remain pending. The Court grants the Rome Defendants and Bailey Defendants leave to amend their motions to dismiss to include their personal jurisdiction objections. Accordingly, any objections based on lack of personal jurisdiction have not been waived.

**B.  The Court Lacks Independent Personal Jurisdiction Over the Rome Defendants and Bailey Defendants with Respect to the State Law Claims**.

The Court, of course, cannot decline to exercise pendent personal jurisdiction over the Rome Defendants and Bailey Defendants with respect to the state law claims *if* it has independent personal jurisdiction over them with respect to those claims. Accordingly, the Court must examine if, in addition to having pendent personal jurisdiction, it has independent personal jurisdiction over the Rome Defendants and Bailey Defendants with respect to the state law claims.

For the reasons stated in the Rome Defendants' and Bailey Defendants' moving and reply papers, and for the reasons stated in Judge Hogue's decisions granting the Rome Defendants' and Bailey Defendants' motions to quash, the Court concludes that it lacks independent personal jurisdiction over the Rome Defendants and Bailey Defendants with respect to the state law claims. Although the Court recognizes that the state court's decisions on personal jurisdiction do not yet have preclusive effect, after independently reviewing Plaintiff's allegations and the evidence submitted by the parties, the Court agrees with and adopts Judge Hogue's rulings in favor of the Rome Defendants and Bailey Defendants. *See* Docket Nos. 65-4; 69-2.

**III.  CONCLUSION**

Accordingly, because the Court has dismissed the Section 10(b) and Rule 10b-5 claims alleged against the Rome Defendants and Bailey Defendants, the Court **DECLINES** to exercise pendent personal jurisdiction over the Rome Defendants and Bailey Defendants on the state law claims and those claims are **DISMISSED without prejudice**. *See, e.g., United States v. Botefuhr*, 309 F.3d 1263, 1274 (10th Cir. 2002) (where the "anchor claim" was dismissed before trial, finding that it was an abuse of discretion for the court to retain jurisdiction over defendant on claims as to which defendant was not otherwise subject to personal jurisdiction).

IT IS SO ORDERED.